FILED

**NOT FOR PUBLICATION**

JAN 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WENDY G. RIVERA HERNANDEZ, | No. 08-73996 |
| Petitioner, | Agency No. A096-071-237 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2010 [**]

Before:  BEEZER, TROTT, and BYBEE, Circuit Judges.

Wendy G. Rivera Hernandez, a native and citizen of Guatemala, petitions

pro se for review of the Board of Immigration Appeals' order dismissing her

appeal from the immigration judge's denial of her applications for asylum and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jlf/Inventory

withholding of removal. The IJ found that petitioner was not eligible for asylum relief because her asylum application was untimely, and that petitioner failed to establish persecution and therefore she was not entitled to asylum or withholding of removal relief. The BIA held that petitioner had waived any challenge to the IJ's finding that her asylum application was untimely, and denied petitioner's application for withholding of removal based on her failure to establish persecution.

Petitioner alleges that the BIA erred in denying her request for asylum and withholding relief because she fears persecution from criminal gangs, and because the BIA failed to fully articulate its reasons for dismissing her appeal.

Petitioner does not challenge the BIA's determination that she had waived any challenge to the denial of her asylum application, and therefore petitioner has waived any arguments concerning whether she merited asylum relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). The record does not compel reversal of the BIA's denial of her withholding of removal claim which was based on petitioner's failure to establish that she was persecuted by gangs in Guatemala, or that she was a member of a particular social group so as to merit withholding of removal relief. *See Ramos-Lopez v. Holder*, 563 855 F.3d

858-62 (9th Cir. 2009) (concluding that resistance to gang activity is not a particular social group for the purpose of establishing nexus to a protected ground). Finally, the BIA properly articulated its holding and reasoning, and its decision did not violate petitioner's due process rights. *See Falcon Cariche v. Ashcroft*, 350 F.3d 845, 850-51 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**